IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 19-023-CFC |
| | ) |
| KRISTIAN JAMES O'HARA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

The Court has reviewed the parties' submissions with respect to Dr. Barber's report. D.I. 63; D.I. 65. The Court responds as follows.

The Court noted in its August 28, 2019 Oral Order that "[t]he current record contains undisputed expert opinion that the Defendant does not pose a danger to himself or others." The Court asked the government in that Order if it "intend[ed] to offer competing expert evidence?" In response to the Order, the government stated that it would not ask for the Defendant to be examined by a government-retained expert and "will not offer competing affirmative evidence about [the Defendant's] mental state." D.I. 57 at 7. As a result of the government's response, the Court ordered the Defendant to be evaluated by Dr. Barber to help the Court determine if the Defendant poses a threat to others. Dr. Barber examined the

Defendant and set forth her findings in a report that has been shared with the parties.

The government argues that the Court "should give little-to-no weight" to Dr. Barber's report. D.I. 63 at 7. It objects to Dr. Barber's findings about the Defendant's history and characteristics, her assessment of whether the Defendant poses a threat, and her recommendation at page 12 of her report that "a custodial sentence is not necessary in order to ensure effective individual deterrence [or] to protect the public[.]" With respect to this third issue, the government argues among other things that Dr. Barber has recommended probationary sentences for four defendants who retained her as an expert in previous cases in this District. The government also offers in its submission to examine Dr. Barber at the Sentencing Hearing "[i]f beneficial to the Court[.]" D.I. 63 at 1.

The Defendant has responded to the government's arguments. In relevant part, he asks that the Court order the government to produce the reports Dr. Barber authored in connection with her expert opinions in the four criminal cases referenced in the government's submission or alternatively to strike the government's submission. He also asks that the Court strike those portions of the government's submission that set forth expert opinion about what constitutes a true threat assessment.

Although the Court rejects the government's argument that the Court should give "little-to-no weight" to the entirety of Dr. Barber's report, the Court will give no weight to Dr. Barber's sentencing recommendation. The Court does not fault Dr. Barber for making the recommendation, but she was not asked to offer such a recommendation and the Court will disregard it. Accordingly, the Defendant's request to obtain the four expert reports is DENIED as moot.

The Court also DENIES the Defendant's request to strike those portions of the government's submission that address what constitutes a true threat assessment. That said, the Court will give those portions little weight, as the government had an opportunity to evaluate the Defendant but instead made the decision to "not offer competing affirmative evidence about [the Defendant's] mental state." Finally, the Court does not believe examination of Dr. Barber at the Sentencing Hearing would be helpful.

It is SO ORDERED this Seventh day of January 2020.

_____
UNITED STATES DISTRICT JUDGE