IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Crim. No. 19-023-CFC ) |
| KRISTIAN JAMES O'HARA, | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant has objected to the Probation Officer's application of a multiple count adjustment in the calculation of Defendant's offense level in paragraphs 175 through 190 of the Presentence Report (PSR). The Probation Officer, citing § 1B1.2(d) and the Commentary to § 3D1.2 of the Sentencing Guidelines, treated the count to which Defendant pled guilty as three separate counts for guideline calculation purposes—one count for each of the three victims of the charged conspiracy to commit cyberstalking. For each count, the Probation Officer calculated an adjusted offense level of 20. PSR ¶¶ 174, 180, 186. She reached that result for each count by starting with a base offense level of 18 under § 2A6.2(a) and adding a two-level enhancement for "involv[ing] . . . a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim" under § 2A6.2(b)(1)(E). PSR ¶¶ 169–186. She then assigned one unit to each count

pursuant to § 3D1.4, leaving Defendant with three total units and causing his adjusted offense level of 20 to be increased by three levels, resulting in a combined adjusted offense level of 23.

Resolution of Defendant's objection turns on the interpretation of § 1B1.2(d), which provides that "[a] conviction on a count charging conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." The Probation Officer concluded that under § 1B1.2(d) the conspiracy to which Defendant pled guilty counted as three offenses of conspiracy because "the Information specifically charges a conspiracy to commit cyberstalking against Victims [1] through [3]." PSR ¶ 167. Although I commend the Probation Officer for her thorough and generally excellent PSR, I respectfully disagree with her conclusion that the Information charges a conspiracy to cyberstalk Victims 1, 2, and 3. I will therefore sustain Defendant's objection to the PSR's multiple count adjustment.

The one-count Information charged Defendant with conspiracy to commit cyberstalking "in violation of Title 18, United States Code, Sections 2261A(2)(b) and 2261(b)[,]" "[a]ll in violation of Title 18, United States Code, Section 371." D.I. 30 at 1, 5. Section 2261A(2)(B) provides in relevant part:

> Whoever with the intent to kill, injure, harass, intimidate, or place under surveillance with the intent to

2

> kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A) [of § 2261A] shall be punished as provided in section 2261(b) of this title.

Clauses (i) and (ii) of paragraph (1)(A) of § 2261A are:

> (i) that person; [and]
>
> (ii) an immediate family member . . . of that person.

Paragraph 2 of the Information alleges that

> [i]t was the object of the conspiracy for defendant O'Hara and a person known to the United States Attorney, with the intent to kill, injure, harass, intimidate, and place under surveillance with the intent to kill, injure, harass and intimidate *another person,* [to] use the mail, any interactive computer and electronic communication service, and any electronic communication service of interstate commerce, and any facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 1, and *members of her immediate family, including Victims 2 and 3.*

D.I. 30 ¶ 2 (emphasis added). The italicized language makes clear that the offense to which Defendant pled guilty was conspiracy to cyberstalk Victim 1, not Victims 1, 2, and 3. The Information charges Defendant with harboring the intent to

3

harass and intimidate "another person" (singular). The fact that paragraph 2 describe Victims 2 and 3 as "members of [Victim 1's] immediate family" confirms that Victim 1 is the "another person."

That is not to say that Victims 2 and 3 are not victims of the charged conspiracy. They most assuredly *are* victims of the conspiracy and the substantial emotional distress they suffered as a result of Defendant's conduct will be an important consideration in my decision about the appropriate sentence to impose in this case.

WHEREFORE, on this Eighth day of January 2020, for the reasons set forth above, it is HEREBY ORDERED that:

1. Defendant's objection to the application of a multiple count adjustment in the calculation of Defendant's offense level in paragraphs 175 through 190 of the Presentence Report is SUSTAINED; and

2. The Probation Officer shall recalculate Defendant's offense level consistent with this Memorandum Order.

_____
UNITED STATES DISTRICT JUDGE